1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11        Plaintiff,                          No. 2:10-cv-02001 KJM KJN

12        v.

13   WASHOE MOTEL, LLC, Individually
     and d/b/a Washoe Motel; PINE CONE
14   ACRE MOTEL, LLC, Individually and
     d/b/a Pine Cone Acre Motel,

15
          Defendants.                         ORDER
16   _____/

17        On February 7, 2011, the undersigned entered proposed findings and

18   recommendations in this case, which recommended that: (1) plaintiff's motion for default be

19   granted, and that (2) plaintiff be awarded $8,000 in statutory damages and injunctive relief.

20   (Findings & Recommendations, Feb. 7, 2011, Dkt. No. 13.)  Because of defendants' complete

21   failure to appear in this action or respond to plaintiff's lawsuit in any respect despite having

22   actual knowledge of the lawsuit, the undersigned had submitted plaintiff's motion for default

23   judgment on the briefs and record in this case and vacated the February 10, 2011 hearing on

24   plaintiff's motion.

25        On February 10, 2011, Robert M. Twomey, the agent for service of process for

26   defendants, and Daniel Freemon, listed as an "LLC member," filed a one-page, handwritten

                                            1

1   document with the court.  (Dkt. No. 14.)  Based on that filing, it appears that Messrs. Twomey

2   and Freemon showed up to the undersigned's courtroom with the intent of participating in the

3   already-vacated hearing on plaintiff's motion.  According to the filed note, these gentlemen were

4   informed by court staff that the hearing was vacated.  The note also references the findings and

5   recommendations entered on February 7, 2011.  Messers. Twomey and Freemon "would like to

6   have the default vacated and reschedule [*sic*] a hearing so that [they] can plead [their] case."  The

7   note also states that "the Washoe Motel was taken back by the lender on 1/19/11."

8                    The undersigned does not vacate the proposed findings and recommendations

9   through this order.  As an initial matter, the undersigned notes that the defendants in this case are

10  limited liability companies that cannot appear in federal court without an attorney.  Pursuant to

11  this court's local rules, "[a] corporation or other entity may appear only by an attorney."  E. Dist.

12  Local Rule 183(a).  Case law within and outside of the Ninth Circuit is in accord.  It is well-

13  settled that "[a] corporation may appear in federal court only through licensed counsel."  United

14  States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); see also, e.g.,

15  D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (applying

16  rule to partnerships); Church of the New Testament v. United States, 783 F.2d 771, 773-74 (9th

17  Cir. 1986) (applying rule to unincorporated associations).  The Seventh Circuit Court of Appeals

18  has specifically and persuasively held that a limited liability company, which is essentially a

19  hybrid between a partnership and a corporation, must appear in federal court through licensed

20  counsel and may not appear through a member.  See Lattanzio v. COMTA, 481 F.3d 137, 140

21  (7th Cir. 2007) (per curiam); accord United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir.

22  2008); Q1, LLC v. County of Sacramento, No. 2:08-cv-1564 JAM KJNPS, 2010 WL 682534, at

23  *1-2 (E.D. Cal. Feb. 23, 2010) (unpublished); see also U.S. ex rel. Mergent Servs. v. Flaherty,

24  540 F.3d 89, 92 (2d Cir. 2008).  Thus, even if the undersigned vacated the proposed findings and

25  recommendations and allowed defendants to file an answer or motion to set aside the entry of

26  ////

1    default, Messrs. Twomey and Freemon could not appear on behalf of defendants without an

2    attorney.

3           Additionally, before vacating the proposed findings and recommendations, if at

4    all, the undersigned would like to hear plaintiff's views regarding defendants' attempted late

5    appearance in this action.  If plaintiff is agreeable to permitting defendants to appear through

6    counsel in this action, then the undersigned would be more inclined to vacate the proposed

7    findings and recommendations and permit defendants a limited amount of time to find counsel.

8           Accordingly, IT IS HEREBY ORDERED that on or before February 17, 2011,

9    plaintiff shall file a brief writing expressing his views in regards to defendants' representative's

10   request to vacate the proposed findings and recommendations, which, if granted, would also

11   entail permitting defendants to obtain counsel in order to appear in this court.

12           IT IS SO ORDERED.

13   DATED:  February 11, 2011

14

15                                              _____
                                                KENDALL J. NEWMAN
16                                              UNITED STATES MAGISTRATE JUDGE

17   KJN:nkd

18

19

20

21

22

23

24

25

26

3