IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,                    No. 2:10-cv-02001 KJM KJN

        v.

WASHOE MOTEL, LLC, Individually and d/b/a Washoe Motel; PINE CONE ACRE MOTEL, LLC, Individually and d/b/a Pine Cone Acre Motel,

        Defendants.             <u>ORDER TO SHOW CAUSE</u>

        On February 7, 2011, the undersigned entered proposed findings and recommendations in this case, which recommended that: (1) plaintiff's motion for default be granted, and that (2) plaintiff be awarded $8,000 in statutory damages and injunctive relief. (Findings & Recommendations, Feb. 7, 2011, Dkt. No. 13.)  Because of defendants' complete failure to appear in this action or respond to plaintiff's lawsuit in any respect despite having actual knowledge of the lawsuit, the undersigned had submitted plaintiff's motion for default judgment on the briefs and record in this case and vacated the February 10, 2011 hearing on plaintiff's motion.

        On February 10, 2011, Robert M. Twomey, the agent for service of process for defendants, and Daniel Freemon, listed as an "LLC member," filed a one-page, handwritten

1  document with the court.  (Dkt. No. 14.)  Based upon what is contained in that filing, it appears
2  that Messrs. Twomey and Freemon showed up to the undersigned's courtroom with the intent of
3  participating in the already-vacated hearing on plaintiff's motion.  According to the filed note,
4  these gentlemen were informed by court staff that the hearing was vacated.  The note also
5  references the findings and recommendations entered on February 7, 2011.  Messers. Twomey
6  and Freemon "would like to have the default vacated and reschedule [*sic*] a hearing so that [they]
7  can plead [their] case."  The note also states that "the Washoe Motel was taken back by the
8  lender on 1/19/11."

9         The undersigned did not withdraw the pending findings and recommendations in
10 response to defendants' representative's filing.  However, on February 11, 2011, the undersigned
11 entered an order, which, among other things, required plaintiff to file, on or before February 17,
12 2011, a "brief writing expressing [plaintiff's] views in regards to defendants' representative's
13 request to vacate the proposed findings and recommendations, which, if granted, would also
14 entail permitting defendants to obtain counsel in order to appear in this court."  (Order, Feb. 11,
15 2011.)  Plaintiff failed to respond.
16 ////
17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

1  Accordingly, IT IS HEREBY ORDERED that on or before March 21, 2011,
2 plaintiff shall show cause in writing why he failed to respond to the court's February 11, 2011
3 order.  Plaintiff is reminded that the "[f]ailure of counsel or of a party to comply with . . . any
4 order of the Court may be grounds for imposition by the Court of any and all sanctions
5 authorized by statute or Rule or within the inherent power of the Court."  E. Dist. Local
6 Rule 110.[1]

7  IT IS SO ORDERED.

8 DATED:  March 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is further directed to review this court's Local Rule 183(a), which provides: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."