1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11         Plaintiff,                              No. 2:10-cv-02001 KJM KJN

12         v.

13   WASHOE MOTEL, LLC, Individually
     and d/b/a Washoe Motel; PINE CONE
14   ACRE MOTEL, LLC, Individually and
     d/b/a Pine Cone Acre Motel,
15
           Defendants.                             ORDER
16   _____/

17         This order addresses the many events and filings that have occurred since the

18   undersigned entered proposed findings and recommendations in this case earlier this year.  On

19   February 7, 2011, the undersigned entered proposed findings and recommendations in this case,

20   which recommended that: (1) plaintiff's motion for default be granted, and that (2) plaintiff be

21   awarded $8,000 in statutory damages and injunctive relief.  (Findings & Recommendations, Feb.

22   7, 2011, Dkt. No. 13.)  Because of defendants' complete failure to appear in this action or

23   respond to plaintiff's lawsuit in any respect despite having actual knowledge of the lawsuit, the

24   undersigned had submitted plaintiff's motion for default judgment on the briefs and record in this

25   case and vacated the February 10, 2011 hearing on plaintiff's motion.

26         On February 10, 2011, Robert M. Twomey, the agent for service of process for

1

1   defendants, and Daniel Freemon, listed as an "LLC member," filed a one-page, handwritten

2   document with the court.  (Letter, Feb. 10, 2011, Dkt. No. 14.)  Based on that filing, it appears

3   that Messrs. Twomey and Freemon showed up to the undersigned's courtroom with the intent of

4   participating in the already-vacated hearing on plaintiff's motion.  According to the filed note,

5   these gentlemen were informed by court staff that the hearing was vacated.  The note also

6   references the findings and recommendations entered on February 7, 2011.  Messers. Twomey

7   and Freemon "would like to have the default vacated and reschedule [*sic*] a hearing so that [they]

8   can plead [their] case."  The note also states that "the Washoe Motel was taken back by the

9   lender on 1/19/11."

10          The undersigned did not withdraw the pending findings and recommendations in

11   response to defendants' representative's filing.  (See Order, Feb. 15, 2011, at 2-3, Dkt. No. 15.)

12   However, on February 15, 2011, the undersigned entered an order, which, among other things,

13   required plaintiff to file, on or before February 17, 2011, a "brief writing expressing [plaintiff's]

14   views in regards to defendants' representative's request to vacate the proposed findings and

15   recommendations, which, if granted, would also entail permitting defendants to obtain counsel in

16   order to appear in this court."  (Order, Feb. 15, 2011.)  Plaintiff failed to respond to the court's

17   order.

18          As a result of plaintiff's failure to respond to the court's order, the undersigned

19   entered an Order to Show Cause ("OSC") requiring plaintiff to "show cause in writing why he

20   failed to respond to the court's February 11, 2011 order."[1]  (Order to Show Cause, Mar. 15, 2011,

21   Dkt. No. 16.)  On March 18, 2011, plaintiff satisfactorily responded to the OSC, and the

22   undersigned discharges the OSC.

23          Meanwhile, on March 14, 2011, Mr. Twomey filed a letter with the court, which:

24   (1) again requests that the pending findings and recommendations entered on February 7, 2011,

25

26   _____

[1]  Although the undersigned's order was dated February 11, 2011, it appears that the order
was not docketed until February 15, 2011.

1  be vacated; (2) represents that defendants are prepared to file a response to the complaint, but

2  cannot do so in light of the pending findings and recommendations; (3) represents that

3  defendants' representatives understand that a limited liability company may not defend itself or

4  be defended by non-attorneys in federal court, and that Messrs. Twomey and Freemon have

5  "found an attorney who will represent the two defendant LLCs if the Court vacates the proposed

6  findings and recommendations." (Letter, Mar. 14, 2011, Dkt. No. 17.)  The undersigned does not

7  construe the letters filed by defendants' representatives on February 10, 2011, and March 14,

8  2011, as constituting a formal answer to the complaint because: (a) neither letter actually

9  purports to be an formal answer; (b) defendants' representatives may not appear in federal court

10  to defend the defendants, which are limited liability companies; and (c) defendants'

11  representatives have stated that they intend to file a response to the complaint *if* the court vacates

12  the pending findings and recommendations.  The court will direct the clerk of court to re-label

13  docket entry number 14, which refers to the letter filed on February 10, 2011, as an "Answer."

14          Additionally, on March 18, 2011, plaintiff filed a "Request for Dismissal With

15  Prejudice As To Defendant Washoe Motel, LLC Only." (Req. for Dismissal, Dkt. No. 18.)

16  Federal Rule of Civil Procedure 41(a)(1)(A) provides that "the plaintiff may dismiss an action

17  without a court order by filing . . . (i) a notice of dismissal before the opposing party serves either

18  an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all

19  parties who have appeared."  Dismissal under this rule requires no action on the part of the court

20  and divests the court of jurisdiction once the notice of voluntary dismissal is filed.  See, e.g.,

21  United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134,

22  1145 (9th Cir. 2008).  Because defendants did not file an answer or motion for summary

23  judgment prior to the filing of plaintiff's request for dismissal, plaintiff's request for dismissal

24  effectuated a dismissal of defendant Washoe Motel, LLC from this action with prejudice.

25  Although no court order was required to effectuate such a voluntary dismissal, the undersigned

26  clarifies the nature of the dismissal of defendant Washoe Motel, LLC here.

1    Finally, on March 18, 2011, plaintiff filed a document entitled "Plaintiff's Non-

2 Opposition to Defendant's [*sic*] Request to Vacate Findings and Recommendations."  (Pl.'s Non-

3 Opp'n, Dkt. No. 20.)  This filing gives notice that "Plaintiff does not oppose Defendant's request

4 to set aside the Clerk's Entry of Default and to vacate the Court's Findings and

5 Recommendations." (Id. at 1:15-17.)  As a result of this filing and defendant Pine Cone Acre

6 Motel, LLC's representative's statement to the court that it is prepared to respond to the

7 complaint through an attorney, the undersigned vacates the pending findings and

8 recommendations and orders defendant Pine Cone Acre Motel, LLC to file a response to the

9 complaint through an attorney.

10    Based on the foregoing, IT IS HEREBY ORDERED that:

11    1.    The Order to Show Cause entered by the undersigned on March 15, 2011

12 (Dkt. No. 16) is discharged.

13    2.    Plaintiff's "Request for Dismissal With Prejudice As To Defendant

14 Washoe Motel, LLC Only" (Dkt. No. 18) effectuated a voluntary dismissal of defendant Washoe

15 Motel, LLC from this action with prejudice pursuant to Federal Rule of Civil Procedure

16 41(a)(1)(A)(i), without the necessity of a court order.

17    3.    The proposed findings and recommendations entered on February 7, 2011

18 (Dkt. No. 13) are vacated.

19    4.    This case be re-designated a "pro se" case pursuant to Eastern District

20 Local Rule 302(c)(21) until such time as defendant Pine Cone Acre Motel, LLC enters an

21 appearance through counsel.  The case number to be used in the caption going forward, and until

22 defendant Pine Cone Acre Motel, LLC enters an appearance in the action through counsel, shall

23 be "2:10-cv-2001 KJM KJN PS."

24    5.    Within 30 days of the date of this order, defendant Pine Cone Acre Motel,

25 LLC shall file an answer to plaintiff's complaint through an attorney.  Any failure by defendant

26 Pine Cone Acre Motel, LLC to file a timely answer through an attorney will result in the refiling

4

1  of proposed findings and recommendations by the undersigned recommending the entry of a

2  default judgment against defendant Pine Cone Acre Motel, LLC pursuant to Federal Rule of

3  Civil Procedure 55(b).

4          6.      The Clerk of Court is directed to re-label docket entry number 14 as a

5  "Request," instead of an "Answer."

6          IT IS SO ORDERED.

7  DATED:  March 23, 2011

8

9  _____
   KENDALL J. NEWMAN

10 UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26